IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| **KELVIN EDWARDS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 6:21cv00035 |
| | ) |
| **LIBERTY UNIVERSITY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT

Defendant Liberty University, Inc. ("Liberty"), by counsel, for its Answer and Affirmative and other Defenses to the Complaint filed by Plaintiff Kelvin Edwards ("Mr. Edwards"), states as follows:

1. In response to the allegations in Paragraph 1 of the Complaint, Liberty admits that Mr. Edwards purports to seek damages from Liberty for alleged acts of discrimination pursuant to Title VII of the Civil Rights Act ("Title VII") and the Virginia Human Rights Act, and also for breach of contract. Liberty denies that Liberty violated Title VII, the Virginia Human Rights Act, or any other law, and further denies that it breached any contract with Mr. Edwards or that Mr. Edwards is entitled to any relief. Liberty denies any remaining allegations in Paragraph 1 of the Complaint.

2. The allegations in Paragraph 2 of the Complaint consist of jurisdictional statements to which no response is necessary. To the extent a response is deemed required, Liberty denies that any acts or omissions giving rise to a cause of action in favor of Mr. Edwards have occurred.

3. The allegations in Paragraph 3 of the Complaint consist of jurisdictional statements to which no response is necessary. To the extent a response is deemed required, Liberty denies that any acts or omissions giving rise to a cause of action in favor of Mr. Edwards have occurred.

4. The allegations in Paragraph 4 of the Complaint consist of jurisdictional statements to which no response is necessary. To the extent a response is deemed required, Liberty denies that any acts or omissions giving rise to a cause of action in favor of Mr. Edwards have occurred.

5. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 5 of the Complaint and, therefore, such allegations are denied.

6. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 6 of the Complaint and, therefore, such allegations are denied.

7. In response to the allegations in Paragraph 7 of the Complaint, Liberty admits that at the time Mr. Edwards filed the Complaint he was 57 years old and that he is an African-American male. Liberty lacks knowledge or information sufficient to form a belief as to where Mr. Edwards resides, and, therefore such allegations are denied.

8. Liberty admits the allegations in Paragraph 8 of the Complaint.

9. Liberty admits the allegations in Paragraph 9 of the Complaint.

10. Liberty admits the allegations in Paragraph 10 of the Complaint.

11. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11 of the Complaint and, therefore, such allegations are denied.

12. In response to the allegations in Paragraph 12 of the Complaint, Liberty admits it formed the Office of Equity and Inclusion in or around January 2018, to assist with serving students, faculty, staff, and leadership by promoting inclusiveness and impartiality throughout the University and stand against all forms of unbiblical discrimination, as well as unlawful discrimination to the extent applicable anti-discrimination law is not inconsistent with Liberty's biblical values and beliefs. Liberty denies the remaining allegations in Paragraph 12 of the Complaint.

13. In response to the allegations in Paragraph 13 of the Complaint, Liberty admits the Board of Trustees adopted a Resolution on Equity and Inclusion and that part of the Resolution's purpose was to advance efforts in diversity across the University. Liberty denies the remaining allegations in Paragraph 13 of the Complaint.

14. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 14 of the Complaint and, therefore, such allegations are denied.

15. In response to the allegations in Paragraph 15 of the Complaint, Liberty admits the that it offered Mr. Edwards a position on Liberty's executive leadership team on or about June of 2020. Liberty denies the remaining allegations in Paragraph 15 of the Complaint.

16. Liberty denies the allegations in Paragraph 16 of the Complaint.

17. In response to the allegations in Paragraph 17 of the Complaint, Liberty admits it offered Mr. Edwards an annual salary of $275,000.00, a monthly vehicle allowance, moving expenses and standard benefits of all Liberty University full time employees, which included Dependent Grant in Aid tuition scholarships. Liberty declined Mr. Edwards' request for the benefit of a housing allowance and did not agree to construct a new home for Mr. Edwards and his family. Liberty denies the remaining allegations in Paragraph 17 of the Complaint.

18. In response to the allegations in Paragraph 18 of the Complaint, Liberty admits that Mr. Edwards resided in Texas. Liberty lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 18 of the Complaint and, therefore, such allegations are denied.

19. Liberty denies the allegations in Paragraph 19 of the Complaint.

20. Liberty denies the allegations in Paragraph 20 of the Complaint.

21. In response to the allegations in Paragraph 21 of the Complaint, Liberty admits that Mr. Edwards accepted Liberty's offer of employment. Liberty denies the remaining allegations in Paragraph 21 of the Complaint.

22. Liberty lacks knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 22 of the Complaint and, therefore, such allegations are denied.

23. In response to the allegations in Paragraph 23 of the Complaint, Liberty admits that Mr. Edwards moved from Texas to Virginia. Liberty denies the remaining allegations in Paragraph 23 of the Complaint.

24. In response to the allegations in Paragraph 24 of the Complaint, Liberty admits that Mr. Edwards started work as an executive vice president on July 1, 2020. Liberty denies the remaining allegations in Paragraph 24 of the Complaint.

25. In response to the allegations in Paragraph 25 of the Complaint, Liberty admits it announced Mr. Edwards' employment and referenced Liberty's Office of Equity and Inclusion and the Board of Trustee's Resolution. Liberty denies the remaining allegations in Paragraph 25 of the Complaint.

26. Liberty admits the allegations in Paragraph 26 of the Complaint.

27. Liberty denies the allegations in Paragraph 27 of the Complaint.

28. Liberty denies the allegations in Paragraph 28 of the Complaint.

29. Liberty denies the allegations in Paragraph 29 of the Complaint.

30. In response to the allegations in Paragraph 30 of the Complaint, Liberty admits that on July 2, 2021, Liberty's website listed approximately 28 executive and senior leadership positions. Liberty denies the remaining allegations in Paragraph 30 of the Complaint.

31. Liberty admits the allegations in Paragraph 31 of the Complaint.

32. Liberty admits the allegations in Paragraph 32 of the Complaint.

33. In response to the allegations in Paragraph 33 of the Complaint, Liberty admits Liberty's acting President, Jerry Prevo, and Mr. Edwards had a meeting on or about September 28, 2020. Liberty denies the remaining allegations in Paragraph 33 of the Complaint.

34. In response to the allegations in Paragraph 34 of the Complaint, Liberty admits Liberty acting President Prevo informed Mr. Edwards that his role would change. Liberty denies the remaining allegations in Paragraph 34 of the Complaint.

35. Liberty admits the allegations in Paragraph 35 of the Complaint.

36. Liberty admits the allegations in Paragraph 36 of the Complaint.

37. Liberty denies the allegations in Paragraph 37 of the Complaint.

38. Liberty denies the allegations in Paragraph 38 of the Complaint.

39. Liberty denies the allegations in Paragraph 39 of the Complaint.

40. Liberty denies the allegations in Paragraph 40 of the Complaint.

41. Liberty denies the allegations in Paragraph 41 of the Complaint.

42. In response to the allegations in Paragraph 42 of the Complaint, Liberty admits that acting President Prevo asked Mr. Edwards to think about potential changed roles he could perform at Liberty. Liberty denies the remaining allegations in Paragraph 42 of the Complaint.

43. In response to the allegations in Paragraph 43 of the Complaint, Liberty admits Mr. Edwards informed acting President Prevo that he wanted to be part of Liberty. Liberty denies the remaining allegations in Paragraph 43 of the Complaint.

44. In response to the allegations in Paragraph 44 of the Complaint, Liberty admits that, on or about October 2, 2020, acting President Prevo informed Mr. Edwards that his employment

with Liberty was terminated because of restructuring of his position and the department as a whole. Liberty denies the remaining allegations in Paragraph 44 of the Complaint.

45. In response to the allegations in Paragraph 45 of the Complaint, Liberty admits acting President Prevo is a white male. Liberty denies the remaining allegations in Paragraph 45 of the Complaint.

46. In response to the allegations in Paragraph 46 of the Complaint, Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

47. Liberty admits the allegations in Paragraph 47 of the Complaint.

48. Liberty denies the allegations in Paragraph 48 of the Complaint.

49. Liberty denies the allegations in Paragraph 49 of the Complaint.

50. In response to the allegations in Paragraph 50 of the Complaint, Liberty admits that acting President Prevo believed there were too many resources being allocated to executive compensation in the diversity area. Liberty denies the remaining allegations in Paragraph 50 of the Complaint.

51. In response to the allegations in Paragraph 51 of the Complaint, Liberty admits that Mr. Edwards' position was newly created at the time he assumed it and that it was intended, in part, to advance diversity and inclusion. Liberty denies the remaining allegations in Paragraph 51 of the Complaint.

52. Liberty denies the allegations in Paragraph 52 of the Complaint.

53. Liberty denies the allegations in Paragraph 53 of the Complaint.

54. The allegations in Paragraph 54 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

55.     In response to the allegations in Paragraph 55 of the Complaint, Liberty denies that Mr. Edwards is entitled to any relief, and demands strict proof thereof. Liberty denies the remaining allegations in Paragraph 55 of the Complaint.

56.     In response to the allegations in Paragraph 56 of the Complaint, Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

57.     Liberty admits the allegations in Paragraph 57 of the Complaint.

58.     Liberty denies the allegations in Paragraph 58 of the Complaint.

59.     Liberty denies the allegations in Paragraph 59 of the Complaint.

60.     Liberty denies the allegations in Paragraph 60 of the Complaint.

61.     In response to the allegations in Paragraph 61 of the Complaint, Liberty admits that Mr. Edwards position was newly created at the time he assumed it and that it was intended, in part, to advance diversity and inclusion. Liberty denies the remaining allegations in Paragraph 61 of the Complaint.

62.     Liberty denies the allegations in Paragraph 62 of the Complaint.

63.     Liberty denies the allegations in Paragraph 63 of the Complaint.

64.      Liberty denies the allegations in Paragraph 64 of the Complaint.

65.     The allegations in Paragraph 65 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

66.     In response to the allegations in Paragraph 66 of the Complaint, Liberty denies that Mr. Edwards is entitled to any relief, and demands strict proof thereof. Liberty denies the remaining allegations in Paragraph 66 of the Complaint.

67. In response to the allegations in Paragraph 67 of the Complaint, Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

68. Liberty admits the allegations in Paragraph 68 of the Complaint.

69. In response to the allegations in Paragraph 69 of the Complaint, Liberty admits that it offered Mr. Edwards a position on Liberty's executive leadership team. Liberty denies the remaining allegations in Paragraph 69 of the Complaint.

70. In response to the allegations in Paragraph 70 of the Complaint, Liberty admits it offered Mr. Edwards an annual salary of $275,000.00, a monthly vehicle allowance, moving expenses and standard benefits of all Liberty University full time employees, which included Dependent Grant in Aid tuition scholarships. Liberty declined Mr. Edwards' request for the benefit of a housing allowance and did not agree to construct a new home for Mr. Edwards and his family. Liberty denies the remaining allegations in Paragraph 70 of the Complaint.

71. Liberty denies the allegations in Paragraph 71 of the Complaint.

72. Liberty denies the allegations in Paragraph 72 of the Complaint.

73. In response to the allegations in Paragraph 73 of the Complaint, Liberty admits Mr. Edwards moved from Texas to Virginia upon accepting employment with Liberty. Liberty denies the remaining allegations in Paragraph 73 of the Complaint.

74. Liberty denies the allegations in Paragraph 74 of the Complaint.

75. Liberty denies the allegations in Paragraph 75 of the Complaint.

76. Liberty denies the allegations in Paragraph 76 of the Complaint.

77. In response to the allegations in Paragraph 77 of the Complaint, Liberty admits that Mr. Edwards position was newly created at the time he assumed it and that it was intended, in part,

to advance diversity and inclusion. Liberty denies the remaining allegations in Paragraph 77 of the Complaint.

78. Liberty denies the allegations in Paragraph 78 of the Complaint.

79. The allegations in Paragraph 79 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

80. In response to the allegations in Paragraph 80 of the Complaint, Liberty denies that Mr. Edwards is entitled to any relief, and demands strict proof thereof. Liberty denies the remaining allegations in Paragraph 80 of the Complaint.

81. In response to the allegations in Paragraph 81 of the Complaint, Liberty hereby incorporates all foregoing responses in this Answer as if fully set forth herein.

82. In response to the allegations in Paragraph 82 of the Complaint, Liberty admits that it offered Mr. Edwards a position on Liberty's executive leadership team. Liberty denies the remaining allegations in Paragraph 82 of the Complaint.

83. In response to the allegations in Paragraph 83 of the Complaint, Liberty admits it offered Mr. Edwards an annual salary of $275,000.00, a monthly vehicle allowance, moving expenses and standard benefits of all Liberty University full time benefitted employees, which included Dependent Grant in Aid tuition scholarships. Liberty declined Mr. Edwards' request for the benefit of a housing allowance and did not agree to construct a new home for Mr. Edwards and his family. Liberty denies the remaining allegations in Paragraph 83 of the Complaint.

84. Liberty denies the allegations in Paragraph 84 of the Complaint.

85. Liberty denies the allegations in Paragraph 85 of the Complaint.

86. In response to the allegations in Paragraph 86 of the Complaint, Liberty admits Mr. Edwards moved from Texas to Virginia upon accepting employment with Liberty. Liberty denies the remaining allegations in Paragraph 86 of the Complaint.

87. The allegations in Paragraph 87 of the Complaint consist of legal conclusions to which no response is required. To the extent a response is deemed required, such allegations are denied.

88. In response to the allegations in Paragraph 88 of the Complaint, Liberty denies that Mr. Edwards is entitled to any relief, and demands strict proof thereof. Liberty denies any remaining allegations in Paragraph 88 of the Complaint.

89. In response to the allegations following Paragraph 88 of the Complaint and in Sub-Paragraphs "a" through "m" under the heading, "PRAYER FOR RELIEF," Liberty asserts that the prayer for relief is not a factual allegation to which a response is required. To the extent a response is deemed required, Liberty denies that any damages, injunctive relief, reinstatement, interest, fees or costs are appropriate in this case, and denies further all allegations in the "WHEREFORE" clause. Moreover, Liberty denies that Mr. Edwards is entitled to any form of relief.

Liberty denies all allegations in Mr. Edwards' Complaint that it has not expressly admitted in this Answer, and reserves the right to amend this pleading as necessary.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to Mr. Edwards' Complaint, Liberty set forth the following affirmative and other defenses:

### FIRST DEFENSE (Ministerial Exception)

Mr. Edwards' Complaint, and each cause of action therein, is barred in its entirety based upon the ministerial exception as outlined in *Hosanna-Tabor Evangelical Lutheran Church & Sch. V. EEOC*, 565 U.S. 171 (2012) and *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S.Ct. 2049 (2020), and other supporting case law.

### SECOND DEFENSE

At all applicable times, Liberty acted in good faith and on the basis of legitimate, reasonable and non-discriminatory reasons with respect to Mr. Edwards' employment. Mr. Edwards' race was not a motivating factor in any employment-related decision made by Liberty. To the extent that the Court concludes that an unlawful consideration was a motivating factor, even though it was not, Liberty would have taken all actions respecting Mr. Edwards' employment even in the absence of any such impermissible factor.

### THIRD DEFENSE

This Court has no jurisdiction over claims under Title VII or the Virginia Human Rights Act, both of which exceed the scope of Mr. Edwards' Charge filed with the Equal Employment Opportunity Commission ("EEOC") because the prerequisites for suit required by such claims have not been satisfied or exhausted and those claims must be dismissed.

### FOURTH DEFENSE

Any claims alleged or sought to be alleged by Mr. Edwards pursuant to Title VII or the Virginia Human Rights Act concerning alleged acts, policies or practices of Liberty occurring

more than 300 days before Mr. Edwards filed his Charge with the EEOC are barred by the applicable statutory limitations period.

## FIFTH DEFENSE

In the event that further investigation discloses facts supporting such allegations, Mr. Edwards has failed to mitigate damages, if in fact any damages are proven.

## SIXTH DEFENSE

Mr. Edwards' claims are barred to the extent that he was not prejudiced or damaged by any alleged violation of Title VII, 42 U.S.C. § 1981, or the Virginia Human Rights Act by Liberty.

## SEVENTH DEFENSE

To the extent that Mr. Edwards has received monies from third parties relating to the alleged losses in the Complaint, Liberty is entitled to a set-off for all such terms.

## EIGHTH DEFENSE

Mr. Edwards cannot recover relief for emotional distress, mental anguish, personal humiliation and other damages as such damages, if caused, were caused by factors other than Liberty's acts or omissions.

## NINTH DEFENSE

To the extent found applicable by discovery, Mr. Edwards' claims may be barred by the doctrines of equitable estoppel, laches, consent, or unclean hands.

## TENTH DEFENSE

Mr. Edwards, by his actions or otherwise, failed to comply with and avail himself of Liberty's internal policies for addressing complaints, including a policy barring harassment and discrimination in the workplace and setting forth a procedure for addressing such complaints, and, accordingly, Mr. Edwards is estopped, otherwise has waived, or is precluded from asserting his

claims for damages or other relief. *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

**ELEVENTH DEFENSE**

Mr. Edwards' Complaint fails to allege any facts that would support the imposition of punitive damages against Liberty herein, and the imposition of any such damages would violate the constitutional and/or other rights of Liberty. In particular, pursuant to *Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999), Liberty should not be subject to liability for punitive damages because Liberty has made good-faith efforts to prevent discriminatory conduct.

**TWELFTH DEFENSE**

Mr. Edwards' breach of oral contract claim is barred by the statute of frauds. See Va. Code. § 11-2(8); see also *Socol v. Albemarle Cty. Sch. Bd.*, 399 F. Supp. 3d 523, 542 (W.D. Va. 2019).

**THIRTEENTH DEFENSE**

If any trier of fact determined the parties had some agreement for some period of time, Mr. Edwards oral contract claim is barred to the extent that he was the first to breach the parties' agreement, and therefore Liberty is excused from any performance.

\*\*\*

Liberty is presently without information concerning the availability and applicability of any other affirmative defenses in addition to those pled above and reserves the right to amend its Answer to plead any affirmative defenses or matters of avoidance required by Rule 8(c) of the Federal Rules of Civil Procedure which may be revealed as discovery progresses including but not limited to the after-acquired evidence doctrine.

WHEREFORE, Liberty respectfully requests that this Court enter an order dismissing the Complaint in its entirety and awarding Liberty its costs for defending this suit and for such other relief as the Court may deem appropriate.

Dated: September 7, 2021

Respectfully submitted,

WOODS ROGERS PLC

*s/ King F. Tower*
King F. Tower, Esq. (VSB No. 38767)
ktower@woodsrogers.com
Leah M. Stiegler, Esq. (VSB No. 89602)
lstiegler@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
  *Attorneys for LibertyUniversity, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ King F. Tower*
